1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN WESLEY WILLIAMS,

11              Plaintiff,                    No. CIV S-09-1245 GGH P

12        vs.

13   GRANNIS, et al.,

14              Defendants.                   ORDER

15   _____/

16              Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  He seeks

17   relief pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint was dismissed with leave to amend on

18   June 5, 2009.  Plaintiff has filed an amended complaint.

19              The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

24   U.S.C. § 1915A(b)(1),(2).

25              A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1   (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

3   490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6           A complaint must contain more than a "formulaic recitation of the elements of a

7   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

8   speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9   "The pleading must contain something more...than...a statement of facts that merely creates a

10  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal

11  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient

12  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

13  v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at

14  570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content

15  that allows the court to draw the reasonable inference that the defendant is liable for the

16  misconduct alleged." Id.

17          In reviewing a complaint under this standard, the court must accept as true the

18  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

20  and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

21  1843 (1969).

22          This is plaintiff's twelfth civil rights complaint since 2005. Plaintiff's amended

23  complaint is entirely different from the original complaint, as plaintiff now seeks monetary

24  damages against defendants involved in separate incidents not mentioned in the original

25  complaint. Plaintiff alleges that even though he was not sprayed with pepper spray, he was kept

26  in a holding cell that was contaminated with pepper spray, which caused burning of the lungs,

1  sneezing and coughing.  While the undersigned is not sure how long pepper spray can

2  "contaminate" a cell, this does state a colorable claim for relief against defendant Bishop,

3  pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b), and this court by concurrent Order, has

4  found this defendant appropriate for service as to this claim.

5          In addition to the pepper spray, plaintiff describes various other incidents

6  involving defendants Leiber, Flint and Wenkler.  Plaintiff alleges that defendant Wenkler made

7  up lies and locked plaintiff outside of a housing unit for ten minutes, in retaliation for filing

8  inmate appeals.  Plaintiff contends that Bishop and Wenkler refused to provide medical help to

9  plaintiff, once he was released from the peppery spray soaked cell and they kept him in the cell in

10  direct sunlight even though plaintiff takes medication that does not permit him to be in direct

11  sunlight.  Plaintiff also alleges that Lieber ignored plaintiff's inmate appeals and that Flint

12  deprived plaintiff of procedural due process at a disciplinary hearing where plaintiff was assessed

13  a thirty day loss of good time credits.

14          However, plaintiff has not alleged sufficient facts that demonstrate any actionable

15  medical injury due to the peppery spray or sunlight and plaintiff's allegations regarding a

16  retaliation claim fail to state a constitutional deprivation.

17          The Civil Rights Act under which this action was filed provides as follows:

18

19          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the

20          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
            law, suit in equity, or other proper proceeding for redress.

21

22  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

23  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

24  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

25  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

26  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

3

1  omits to perform an act which he is legally required to do that causes the deprivation of which

2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3           Moreover, supervisory personnel are generally not liable under § 1983 for the

4  actions of their employees under a theory of respondeat superior and, therefore, when a named

5  defendant holds a supervisorial position, the causal link between him and the claimed

6  constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862

7  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

8  941 (1979). Vague and conclusory allegations concerning the involvement of official personnel

9  in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

10  Cir. 1982).

11           To state a retaliation claim, a plaintiff must plead facts which suggest that

12  retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor

13  behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.

14  1989); Rizzo 778 F.2d at 532. The plaintiff must also plead facts which suggest an absence of

15  legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing

16  Rizzo at 532). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v.

17  Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are

18  insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act

19  itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical

20  retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of

21  the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1)

22  (10th Cir. 1990).

23           In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts

24  should defer "to prison officials in the evaluation of proffered legitimate penological reasons for

25  conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472,

26  115 S. Ct. 2293 (1995)).

4

1        In order to state a § 1983 claim for violation of the Eighth Amendment based on

2 inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

3 deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct.

4 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively

5 serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter,

6 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir.

7 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference."

8 Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

9        A serious medical need exists if the failure to treat a prisoner's condition could

10 result in further significant injury or the unnecessary and wanton infliction of pain. Indications

11 that a prisoner has a serious need for medical treatment are the following: the existence of an

12 injury that a reasonable doctor or patient would find important and worthy of comment or

13 treatment; the presence of a medical condition that significantly affects an individual's daily

14 activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900

15 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

16 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

17 grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

18        Plaintiff is also informed that prisoners do not have a "separate constitutional

19 entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860

20 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-

21 existence of, or the failure of prison officials to properly implement, an administrative appeals

22 process within the prison system does not raise constitutional concerns. Mann v. Adams, 855

23 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993);

24 Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill.

25 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any

26 substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest

requiring the procedural protections envisioned by the fourteenth amendment").  Specifically, a

failure to process a grievance does not state a constitutional violation.  Buckley, supra.  State

regulations give rise to a liberty interest protected by the Due Process Clause of the federal

constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical

and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin

v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1]

Nor are plaintiff's procedural due process allegations regarding the disciplinary

hearing properly brought in this case.  In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364

(1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages.

Claiming that state and county officials violated his constitutional rights, he sought damages for

improprieties in the investigation leading to his arrest, for the destruction of evidence, and for

conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on

voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive

relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's

dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under 1983.

---

[1]  "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

1    Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for

2    damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the

3    conviction or sentence has been invalidated, expunged or reversed.  Id.

4            In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court

5    held that Heck applies to challenges to prison disciplinary hearings when the nature of the

6    challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.

7    Edwards rejected the Ninth Circuit's holding in Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir.

8    1995) that a claim challenging only the procedures employed in a disciplinary hearing is not

9    barred by Heck.

10           Plaintiff will be provided leave to file a second amended complaint within thirty

11   days from the date of service of this Order.  Failure to file a second amended complaint will

12   result in an order that these defendants be dismissed

13           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

14   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

15   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

16   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

17   there is some affirmative link or connection between a defendant's actions and the claimed

18   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

19   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

20   allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

21   of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

23   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

24   amended complaint be complete in itself without reference to any prior pleading.  This is

25   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

26   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

1  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

2  original complaint, each claim and the involvement of each defendant must be sufficiently

3  alleged.

4          Accordingly, IT IS HEREBY ORDERED that:

5          1.  Plaintiff's claims against Leiber, Flint and Wenkler are dismissed for the

6  reasons discussed above.

7          2.  Plaintiff's claim against Bishop for deliberate indifference to his medical

8  needs, is also dismissed for the reasons discussed above.

9          3.  Plaintiff is granted thirty days from the date of service of this Order to file an

10  second amended complaint; failure to file a second amended complaint in accordance with this

11  order will result in an order that these defendants be dismissed.

12  DATED: September 14, 2009

                                   /s/ Gregory G. Hollows

13

                                   _____
14                                 GREGORY G. HOLLOWS
                                   UNITED STATES MAGISTRATE JUDGE
   ggh: ab
15  will1245.amnd

16

17

18

19

20

21

22

23

24

25

26